IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03025–PAB–KMT

JASON MARCELLI,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY, and
GALLAGHER BASSETT SERVICES, INC.,

    Defendants.

# ORDER

    This matter is before the court on "Defendants' Motion to Stay" (Doc. No. 23 [Mot.], filed March 11, 2011). Plaintiff filed his Response on March 31, 2011. (Doc. No. 31 [Resp.].) Defendants filed their Reply on April 13, 2011. (Doc. No. 34 [Reply].) Plaintiff was granted leave to file a Surreply (Doc. No. 44), which was filed on April 21, 2011. (Doc. No. 45 [Surreply].) This matter is ripe for ruling.

    The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order

>     to protect a party or person from annoyance, embarrassment, oppression, or undue burden
>     or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff

of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

In their Motion, Defendants requested a stay of all proceedings pending completion of Plaintiff's workers' compensation claim.  (Mot. at 2.)  However, in their Reply, Defendants have modified their request and now seek a stay only as to damages discovery until Plaintiff has reached maximum medical improvement (MMI).  (Reply at 1.)

First, the court balances Plaintiff's desire to proceed expeditiously with his case against the burden on the defendants of going forward.  *Id.*  Plaintiff opposes a stay as to either damages or liability discovery.  (*See* Resp. & Surreply.)  Plaintiff argues it is in his interest to see that his case moves forward without further delay.  (Resp. at 7.)  Specifically, Plaintiff argues that his bad faith claim is premised upon Defendants' failure to promptly and correctly resolve his claims and Defendants' unjustified conduct in prolonging the resolution of Plaintiff's workers' compensation claim by pursuing a frivolous appeal of the initial compensation ruling.  (*Id.*)

Defendants argue that engaging in damages discovery would be futile because the extent of Plaintiff's physical condition and resultant damages most likely cannot be properly evaluated by his health care providers until one year following his surgery, which occurred on September 28, 2010.  (*Id*. at 2.)  Plaintiff counters that the law does not require that a plaintiff's injuries be static before compensation can be sought for those injuries. (Surreply at 1 [citing *Pfantz v. Kmart Corp.*, 85 P.3d 564, 570 (Colo. App. 2003)).

The premise upon which the defendants seek a stay of discovery is not persuasive. The court finds the potential harm to Plaintiff of a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while waiting for Plaintiff to reach MMI. The court notes there is no pending dispositive motion filed in this case. Therefore, no justification exists for imposing a stay. Consideration of the remaining *String Cheese* factors does not prompt a different result. *See String Cheese*, 2006 WL 894955, at *2. An indefinite stay has the potential to substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. The general interests of controlling the court's docket and the fair and speedy administration of justice prompt the court to find that this factor weighs against granting the requested stay. Finally, neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

Balancing all factors presented, the court finds that a stay of discovery is not appropriate. Accordingly, it is

ORDERED that "Defendants' Motion to Stay" (Doc. No. 23) is DENIED.

Dated this 4th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge