IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03025–PAB–KMT

JASON MARCELLI,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY, and
GALLAGHER BASSETT SERVICES, INC.,

    Defendants.

# ORDER

    This matter is before the court on "Plaintiff's Motion to Amend Complaint." (Doc. No. 52, filed May 16, 2010.)

    Plaintiff seeks to amend his Complaint to state claims against a new defendant, DISH Network Corporation, formerly Echostar Communications Corporation, that it consciously conspired and deliberately pursued a common plan to commit the tortious act of bad faith against Plaintiff. (Mot., ¶¶ 6–7.) Plaintiff alleges new claims for joint and several liability made pursuant to Colo. Rev. Stat. § 13-21-111.5(4) and the interpretation of the statute by the Colorado Supreme Court in *Resolution Trust Corporation v. Heiserman*, 898 P.2d 1049 (Colo. 1995). The motion is unopposed. (*See* Doc. No. 54.)

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir.2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The deadline for amending the pleadings was set by this court at May 16, 2010.  (Doc. No. 48.)  Therefore, Plaintiff's motion is timely.  Moreover, this case is in the early stages of litigation.  Finally, upon review of Plaintiff's Motion and its proposed "First Amended Complaint for Damages" the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED** that "Plaintiff's Motion to Amend Complaint."  (Doc. No. 52) is **GRANTED**.

The Clerk of Court is directed to file Plaintiff's "First Amended Complaint for Damages" (Doc. No. 52-1).

Dated this 6th day of June, 2011.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge