**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

**Civil Action No.** 10-cv-03025-PAB-KMT  　　　FTR - Courtroom C-201

**Date:** August 23, 2012  　　　Deputy Clerk, Nick Richards

JASON MARCELLI,  　　　Alexander Christian Clayden
　　　　　　　　　　　　　Angela L. Ekker

　　　　Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,  　Richard K. Rediger
GALLAGHER BASSETT SERVICES, INC., and
DISH NETWORK CORPORATION, f/d/b/a/
ECHOSTAR COMMUNICATIONS
CORPORATION,

　　　　Defendants.

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 9:30 a.m.**
Court calls case. Appearances of counsel. Mr. Andy Kittelson and Dr. Phillip Engen are present with parties.

Motion Hearing is called regarding Defendants' Motion to Strike Testimony Regarding the Pain Neuromatrix or Pain Matrix [Doc. No. 140, filed July 10, 2012].

Oral argument by defense counsel.
Oral argument by plaintiff's counsel.

**Court in Recess: 11:18 a.m.**
**Court in session: 11:33 a.m.**

It is **ORDERED**:　　Defendants' Motion to Strike Testimony [140] is **GRANTED**. The court finds extreme prejudice and surprise to the defendant's due to plaintiff's failure to disclose or supplement experts as to Mr. Andy Kittelson. There is no ability to cure that prejudice at this juncture and the prejudice would be disruptive at trial.

Therefore, all testimony from Mr. Kittelson relating to chronic pain, the body's nervous and pain causation, concepts of nociceptive pain, radicular pain, radiculopathy, his opinion on pain neuromatrix or pain matrix or to explain why increased sensitivity to pain may occur during movements that would not be expected to be painful, the issue of when pain persists, the nociceptive system undergoing changes which increases sensitivity to noxious input and affects the integrity of motor output, his opinion on what noxious input is or what affect that would have on the body related to pain, any rendered testimony during his deposition, and any journal articles referenced by Mr. Kittelson during his deposition is **STRICKEN** and will not be allowed during trial.

The issue as to Dr. Pamela A. Knight is not currently before the court and will not be discussed during this hearing. Plaintiff's counsel notes their objection to such a motion with regards to Dr. Knight.

Although the Rule 26 disclosure requirement have been violated with respect to the disclosure of Mr. Kittelson as an expert treating medical provider (Mr. Kittelson was one of the plaintiff's physical therapists), the court finds that defendant is not prejudiced by plaintiff's failure to disclose because all medical records were provided, and as to the physical therapy treatment, Mr. Kittelson is not an expert from whom a report is required. Therefore Mr. Kittelson will be allowed to render expert opinion on the issues incumbent upon him to render physical therapy in accord with the treatment records disclosed.

**Court in Recess: 12:05 p.m.**
Hearing concluded.
Total In-Court Time    02:20

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.