IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03025–PAB–KMT

JASON MARCELLI,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,
GALLAGHER BASSETT SERVICES, INC., and
DISH NETWORK CORPORATION, f/d/b/a/ ECHOSTAR COMMUNICATIONS
CORPORATION,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion to Reduce Expert Fee to Reasonable Rate, Pursuant to Fed. R. Civ. P. 26(b)(4)(e)" ("Mot.") [Doc. No. 118] filed May 15, 2012. Defendants filed a Response on June 5, 2012 [Doc. No. 126] ("Resp."), and Plaintiff replied on June 19, 2012 [Doc. No. 130]. The matter is ripe for review.

Plaintiff claims he sustained a work-related injury on November 7, 2008, while working for Dish Network Corporation, f/d/b/a/ Echostar Communications Corporation. He claims that as a result of this injury he has suffered spinal disk-related injuries and that he has undergone two surgical procedures on his low back, a micto-disectomy and a lumbar fusion in an effort to obtain relief from pain. Defendants claim that there is evidence that Plaintiff did not suffer the

injury complained of on the job, but rather while he was lifting weights on his personal time, and that he had a pre-existing injury that is at the root of his back problems. In addition to numerous efforts to treat the plaintiff's back symptoms, the plaintiff has undergone several independent medical examinations in connection with this litigation. The expert at issue in this motion, Dr. Jeffrey Sabin, is an orthopedic surgeon who performed one of the IMEs.

In a supplement to their initial disclosures, the defendants disclosed Dr. Sabin as an expert in the field of orthopedic surgery stating, "Dr. Sabin's CV, list of publications, fee schedule and list of testimony are attached hereto as Exhibit E. Dr. Sabin's hourly rate on this case is $1500.00." (Resp. at 2, ¶ 1.) Dr. Sabin's fee schedule, which was a part of Exhibit E, is attached to the Response as Exhibit 1. The fee schedule provides that Dr. Sabin charges $1500.00 per hour for: deposition testimony, video deposition testimony, and records reviews. He charges $1000.00 per hour to consult with attorneys and to engage in other telephone conferences.

Dr. Sabin initially demanded $6000.00 as up front payment for his deposition to be taken on March 23, 2012. (Mot. at 2.) The plaintiff did not pay the deposition fee up front as required by Dr. Sabin; however, Dr. Sabin appeared for the deposition anyway and sat for three hours of questioning, ultimately billing $4500.00. (Resp. ¶6.) To date the plaintiff has not paid any portion of Dr. Sabin's fees. (Resp. at 3, ¶6.) Defendants "paid Dr. Sabin's fees in a manner consistent with his fee schedule . . . for the time Dr. Sabin required to prepare for his deposition." (*Id.*, ¶7.) Plaintiff seeks to have this court reduce the deposition fee of Dr. Sabin to

$1000.00 per hour, which is the same rate charged by his own expert orthopedic surgeon, Dr. Chad Prusmack.

Whether or not a doctor has been retained, as long as he has been identified as a witness who will provide expert opinion testimony, pursuant to Rule 702, he may be deposed. Fed. R. Civ. P. 26(b)(4)(A). Rule 26(b)(4)(C) provides that "the court shall require that the party seeking discovery pay the expert a <u>reasonable</u> fee for time spent in responding to discovery," unless manifest injustice would result. Fed. R .Civ. P. 24(b)(4)(C)(emphasis added). Although few published cases discuss what constitutes a "reasonable" expert fee, seven factors have emerged to guide in the determination of the reasonableness of a fee under Rule 24(b)(4)(C)

> (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) [sic] any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Young v. Global 3, Inc*., Case No. 03-N-2255(CBS), 2005 WL 1423594, at *1 (D. Colo. May 26, 2005).  *See also U.S. Energy Corp. v. Nukem, Inc.,* 163 F.R.D. 344, 345–46 (D. Colo. 1995); *Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996); *Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 496 (S.D. Iowa 1992).  A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert. *Young,* 2005 WL 1423594, at *1; *Mathis,* 165 F.R.D. at 24.  *See Grady v. Jefferson Co. Bd. of County Comm'rs.*, 249 F.R.D. 657 (D. Colo. 2008).

Regarding the first and second factors, Dr. Sabin is a licensed orthopedic surgeon, which, as evidenced by his curriculum vitae and as most lay-people would conclude, requires extensive specialized education and training.  (Mot., Ex. C.)  Given the lack of dispute over most of the Rule's factors, the parties spend most of their time arguing factor three, the prevailing rates of other comparable experts.

Plaintiff points to his own orthopedic treating expert, Dr. Prusmack, as a comparative surgeon who charges $1000.00 per hour for deposition testimony.  While Plaintiff paints these experts as equivalent – which in some ways not incorrect – Dr. Sabin has been practicing fourteen more years than Dr. Prusmack.  (Resp., ¶ 9.)  Clearly, experience is a factor to be considered in this context.

Defendants point to fee schedules for other local orthopedic surgeons in connection with testimonial expertise in litigation.  Dr. Michael Janssen charges $1525.00 per hour for deposition time and Dr. I Stephen Davis charges $1200.00 per hour for the same.  (Resp., ¶¶ 9 and 10; Exs. 6 and 7.)

There have been several cases dealing with the fees of medical experts in the last few years.  In a case decided by this court, orthopedic surgeons, several of whom had lengthy and impressive careers, had a fee schedule rate of between $750 to $1,000 per hour for deposition testimony, although two of the surgeons were actually charging their clients a negotiated rate of $450.00 per hour.  *Grady*, 249 F.R.D. at 659-660.  The court determined that the opposing expert could charge no more than $750.00 per hour.  In a case involving the use of a pain pump, *Stewart v. Stryker*, No. 11-0376-CV-W-ODS, 2012 WL 1948001, at *1 (W.D. Mo. May 30,

2012), the court found $750 per hour to be a reasonable fee for a treating, board-certified orthopedic surgeon specializing in sports medicine and arthroscopy. In another case, a Colorado-licensed, board-certified orthopaedic surgeon, Dr. Bharat Desai's, rate of $750 per hour for his time in a deposition in a 2008 was found reasonable. *See Kumar v. Copper Mountain*, No. 07-cv-02597-PAB-MEH, 2008 WL 5225878, at *1 (D. Colo. Dec. 15, 2008). In one other recent case, the reasonable fees allowed to an orthopedic surgeon was set considerably lower. *See, e.g.*, *Broushet v. Target Corp.*, 274 F.R.D. 432, 433–34 (E.D.N.Y. 2011) (setting rate of $400 per hour for "clearly an experienced orthopedist and spine surgeon whose role in this lawsuit is that of a treating physician who is also being proffered as an expert"). *See also Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 546-47 (D. Ariz. 1999) (setting rate of $450 per hour for "unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon, specializing in the spine and practicing medicine since 1986"). In *Smith v. Ardew Wood Products, Ltd.,* Case No. C07-5641, 2009 WL 2163131, at *2 (W.D. Wash. July 20, 2009), the court considered the $1500.00 per hour fee of Dr. Battaglia, who the court references as "unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon" but concluded "that the deposition hourly rate of $1,500.00 . . . is excessive and unreasonable." *Id.* That court awarded Dr. Battaglia what it concluded was a reasonable hourly rate of compensation for deposition testimony of $750.00 per hour.

The court, of course, recognizes that the fees for medical professionals have increased between 2009 and 2012, much less when compared to fees in 1999, as considered by the Arizona

5

court. Certainly, the most reliable source for fees customarily charged would be to compare the same kind of expert during the same time period and in the same location.

No party questions that as to factor four, the issues in the case are complicated and require a good amount of skill to render helpful opinion testimony. However, that would be true of any orthopedic surgeon in these circumstances, especially contrasting Dr. Sabin, who conducted a record review, with Dr. Prusmack who was a treating physician of Plaintiff. As to factor number five, the Defendants have stated that they are paying Dr. Sabin the hourly rates as published in his fee schedule referenced above. Additionally, Dr. Sabin did not ultimately bill anyone for a "minimum" number of hours in connection with his deposition testimony, and the Defendants paid the total bill of $4500.00 for the three hour deposition when the Plaintiff did not pay. Finally, as to factor number six, Dr. Sabin states that given his average billing to patients,

> My charges for patient office visits, for time only, exclusive of procedures such as X-rays, averages approximately $1,500 per hour. My charges for time spent performing surgery generally averages over $2,000 per hour. Consequently, I believe my hourly rate for depositions is generally lower than the hourly rate I am able to earn as a physician.

(Resp., Ex. 5, Aff. of Jeffrey J. Sabin, M.D., ¶ 5.)

The court takes seriously its independent responsibility as gatekeeper against excessive windfall billing by medical experts appearing in federal court. *See Young*, 2005 WL1423594, at *2. In light of the facts presented with respect to Dr. Sabin's education and experience and the comparison with other orthopedic surgeons both in Colorado and outside Colorado and, in spite of the fact Dr. Sabin says he has been charging $1500.00 per hour for expert testimony over the past ten years and has never even been questioned, much less had his fees reduced, the court

finds that a reasonable hourly rate for Dr. Sabin's deposition testimony and trial testimony (to the extent he is called upon to render expert testimony) is not more than $1000.00 per hour.

Therefore, it is hereby ORDERED

"Plaintiff's Motion to Reduce Expert Fee to Reasonable Rate, Pursuant to Fed. R. Civ. P. 26(b)(4)(e)" [Doc. No. 118] is GRANTED, and Dr. Sabin's fees for testimony at deposition and at trial shall not exceed $1000.00 per hour.

Dated this 29th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge